UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                                    Case No.: 4:25-cr-00015-AW

**DYLAN K. ROGERS,**

    **Defendant.**
_____/

## UNOPPOSED MOTION TO RE-SCHEDULE SENTENCING

Defendant Dylan K. Rogers requests the Court accommodate this one-time request to re-schedule the sentencing set on September 15, 2025. If the sentencing is re-scheduled within 30 days of the currently-set date, this motion is unopposed by the United States. This motion is made on the authority of Local Rule 7.1. In support thereof, Rogers offers the following:

    1. Rogers was initially arrested for criminal conduct by Florida authorities. Following his arrest, Rogers posted bond. Rogers advised the Florida courts of his change-of-address to his parents' home in Tennessee.

    2. Rogers was living on bond, following the conditions of his Florida pretrial release, when armed government agents appeared at his parents' Tennessee home. Those agents were there to re-arrest Rogers. Unbeknownst to Rogers, his attorney, or his parents, Rogers had been indicted. Rogers was provided with no opportunity to peacefully surrender at the courthouse.

    3. The level of the agents' force or threat of force at the second arrest is disputed. In any event, the arrest involved government agents in tactical gear

1

appearing unexpectedly at Rogers' parents' home. Rogers was peacefully taken into custody. Rogers' parents were, as would be the case with any family whose home was approached by armed federal agents, mortified. After the second arrest, Rogers was largely incommunicado while his custody was transferred between several local jurisdictions as he was moved southward, from Tennessee to the custody of this Court.

4. Once in Tallahassee, at initial appearance, Rogers was granted pretrial release. Rogers is again residing in the Eastern District of Tennessee where he has been, following initial appearance, supervised. Rogers continues to live with his parents. Rogers parents, while dismayed and disappointed by the current criminal prosecution, are supportive of Rogers and plan to testify in support of his sentencing. Rogers is precluded from, as a condition of pretrial release, using a smartphone or accessing the internet.

5. A prior motion and order addressed this dynamic. To attend court, Rogers drives his automobile from his parents' home in Tennessee to the Northern District of Florida. Following court, or a meeting with counsel, Rogers drives the automobile back to Tennessee.

6. On June 30, 2025 Rogers appeared before the Court and changed his plea. During those proceedings, sentencing was scheduled for the afternoon of September 15, 2025.

7. Upon returning to the Eastern District of Tennessee, Rogers was informed that September 15, 2025 is his parents' wedding anniversary.

8. These proceedings, and the second arrest at their home, have put Rogers' parents through a good deal of turmoil. Conducting their son's criminal sentencing on Rogers' parents' wedding anniversary would serve no purpose but to further demean and dehumanize actors who have done no wrong: Rogers' parents. Going further, Rogers was unable to coordinate his sentencing date with his witnesses: he is unable to use a smart phone or access the internet.

9. Counsel suggests that the Court coordinate a different sentencing date with the undersigned as well as counsel for the government: Assistant United States Attorney, Justin M. Keen.

10. As long as a re-scheduled sentencing date lands within 30 days of the currently-scheduled date, Assistant United States Attorney, Justin M. Keen, does not object to the instant request.

11. This motion is made in utmost good faith based on unique, case-specific circumstances. While undersigned counsel represents Rogers, this motion is truly made on behalf of Rogers' blameless parents. To be frank: they have been through a lot. This motion is not made to create busy work or to frustrate the disposition of this important case.

WHEREFORE, Rogers requests that the Court grant this motion and, after coordinate, render an order re-scheduling Rogers sentencing date.

**CERTIFICATE OF CONFERRAL**

In complying with the obligations of Local Rule 7.1, I HEREBY CERTIFY that, before submitting this motion, I conferred with opposing counsel: AUSA Justin M. Keen. The conferral took place through a July 15, 2025 email exchange.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been sent via electronic CM/ECF delivery to Justin M. Keen, AUSA, justin.keen@usdoj.gov on this fifteenth (15th) day of July, 2025.

Respectfully submitted:

*/s/ Luke Newman*

_____

Luke Newman
Luke Newman, P.A.
308 McDaniel Street
Tallahassee, Florida 32303
850.224.4444 (office)
luke@lukenewmanlaw.com
Fla. Bar No. 0859281
Member of the Bar of this Court

4